[Cite as *State v. Washington* , 2010-Ohio-5366.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 09CA3303 |
| | : | |
| vs. | : | **Released: October 26, 2010** |
| | : | |
| JAMES C. WASHINGTON, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Luke Brazinski, Luke Brazinski Law Office, Portsmouth, Ohio, for
Defendant-Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Julie Cooke
Hutchinson, Scioto County Assistant Prosecuting Attorney, Portsmouth,
Ohio, for Plaintiff-Appellee.

_____

McFarland, P.J.:

{¶1}    Defendant-Appellant, James C. Washington, appeals the

decision of the Scioto County Court of Common Pleas convicting him of

aggravated burglary.  Washington argues the State failed to prove that he

intended to commit a crime when he entered the victim's home, thus there

was insufficient evidence to support his conviction and that the conviction

was against the manifest weight of the evidence.  We disagree.  The strong

circumstantial evidence adduced by the State was sufficient for the jury to

determine that Washington had the requisite intent and, further, that his conviction was not against the manifest weight of the evidence. Accordingly, we overrule both assignments of error and affirm the decision below.

## I. Facts

{¶2}     In April 2009, Michael Stephenson left his trailer home between 5:45 a.m. and 6:15 a.m., and drove his girlfriend to work. Stephenson's 13-year-old child remained sleeping at the residence.  When Stephenson returned home at approximately 6:25 a.m., he saw a man he did not know come out of the front door.  The man immediately fled. Stephenson chased and caught up with the man, and a struggle ensued. During the fight, the man struck Stephenson several times with a tire tool. Stephenson was incapacitated and the man fled the scene.  Later, from a photo lineup, Stephenson identified James Washington as the man who had invaded his home and beaten him.

{¶3}     Washington was charged with two counts of aggravated burglary, one count of felonious assault, and one count of possession of criminal tools.  The matter proceeded to trial and the jury found him guilty on all four counts.  The trial court merged the two aggravated burglary convictions as offenses of similar import.  The court then sentenced

Washington to one year for possession of criminal tools, eight years for felonious assault, and ten years for aggravated burglary, the sentences to run consecutively.

{¶4}    Following sentencing, Washington filed the current appeal.

## II. Assignments of Error

First Assignment of Error

> THE TRIAL COURT COMMITTED PLAIN ERROR IN
> CONVICTING APPELLANT ON AGGRAVATED BURGLARY
> AS NO INTENT OF APPELLANT TO COMMIT A CRIME WAS
> IN EVIDENCE.

Second Assignment of Error

> THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT
> AGAINST THE APPELLANT THAT WAS AGAINST THE
> MANIFEST WEIGHT OF THE EVIDENCE.

## III. First Assignment of Error

{¶5}    Washington was convicted of aggravated burglary under R.C 2911.11(A).  "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense * * *."  2911.11(A).  As his first assignment of error,

Washington alleges there was insufficient evidence to show that his purpose in entering Stephenson's trailer was to commit a crime.

{¶6}    When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether that evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.  The test is one of legal adequacy, not rational persuasiveness.  The relevant question is, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  Id., citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781.

{¶7}    This test raises a question of law and does not allow us to weigh the evidence.  *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.  Rather, the test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson* at 319.  The issues of the weight given to the evidence and the credibility of witnesses are for the trier of fact.  *State v. Thomas* (1982), 70 Ohio St.2d 79,

79-80, 434 N.E.2d 1356; *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

{¶8}   Washington's argument is a narrow one.  The only element of 2911.11(A) that he contends was not established is intent.  In other words, he does not contest that he, by force, stealth, or deception, trespassed in Stephenson's home.  Nor does he contest that Stephenson's child was present during the trespass.  Rather, his sole argument is that the State did not present evidence that Washington's purpose in entering the home was to commit a criminal offense.  We do not find this argument persuasive.

{¶9}   "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." *State v. Johnson* (1978), 56 Ohio St.2nd 35, 38, 381 N.E.2d 637, quoting *State v. Huffman* (1936), 131 Ohio St. 27, 1 N.E.2d 313.  "[I]t is difficult to ascertain the intent of a person in forcibly entering an occupied structure if he is apprehended before he commits any overt act inside the premises.  (Internal citations omitted.)  In such a situation, unless circumstances giving rise to a different inference are present, a reasonable inference arises that the individual entered the structure with the intent to

commit a theft offense." *State v. Ridgway*, 4th Dist. No. 02CA20, 2003-Ohio-1152, at ¶17.

{¶10}   In the case sub judice, there is abundant circumstantial evidence from which a jury could reasonably infer that Washington intended to commit a criminal offense when he entered Stephenson's home. Washington and Stephenson did not know each other, and Washington obviously did not have permission to enter the residence.  The trespass took place in the early morning hours, under the cover of darkness.  The front door and lock showed signs of forcible entry.  Washington immediately ran from the residence when Stephenson returned, before Stephenson could even get out of his car.  Washington was willing to beat Stephenson with a tire tool to escape.  Stephenson testified that Washington did not have time to pick up the tool once he left the residence, from which it could be deduced that he already had the tire tool when he left the residence and that he had used it to break into the home.  Finally, Washington offered no excuse or justification for entering the home.

{¶11}   In such circumstances, there is a reasonable inference that Washington entered Stephenson's home in order to commit a criminal offense.  Accordingly, we find that, after viewing the evidence in a light most favorable to the State, the jury could have found all the essential

elements of aggravated burglary proven beyond a reasonable doubt. As such, Washington's first assignment of error is overruled.

### IV. Second Assignment of Error

{¶12} In his second assignment of error, Washington contends the jury's verdict was against the manifest weight of the evidence. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Sufficiency tests the adequacy of the evidence, while weight tests "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other[.]" *State v. Sudderth*, 4th Dist. No. 07CA38, 2008-Ohio-5115, at ¶27, quoting *Thompkins* at 387.

{¶13} "Even when sufficient evidence supports a verdict, we may conclude that the verdict is against the manifest weight of the evidence, because the test under the manifest weight standard is much broader than that for sufficiency of the evidence." *State v. Smith*, 4th Dist. No. 06CA7, 2007-Ohio-502 at ¶41. When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been

proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. See, also, *Smith* at ¶41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Smith* at ¶41, citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. However, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *DeHass* at paragraph one of the syllabus.

{¶14} In this assignment of error, Washington, once again, focuses solely upon the element of intent. He reiterates the argument from his first assignment of error and states that even if there was sufficient evidence of intent, his conviction was still against the manifest weight of the evidence. We disagree. Though our standard of review is less stringent in an argument based upon the manifest weight of the evidence than it is in one based upon the sufficiency of the evidence, his argument remains unpersuasive. Because of the factors listed in our analysis of the first assignment of error

and the reasonable inferences one could derive therefrom, we find that there is substantial evidence upon which the jury could have reasonably concluded that Washington intended to commit a criminal offense.  Accordingly, Washington's second assignment of error is also overruled.

## V. Conclusion

{¶15}   After a complete review of the record below, we overrule both of Washington's assignments of error.  Appellant's sufficiency of the evidence and manifest weight arguments fail because of the abundance of circumstantial evidence indicating that Washington entered Stephenson's home with the intent to commit a criminal offense.  Further, because there was evidence that Washington forcibly entered the home, there is a presumption that he did so in order to commit theft.   Accordingly, we affirm the decision and judgment of the court below.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland
Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**